IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JOEL GOLD,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-0483 |
| **SCOTT GOLD,** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This case stems from an allegedly improper sale of a motor vessel in Maryland that took place in 2016. Plaintiff Joel Gold claims that Defendants Scott Gold and Doris Gold conspired to sell a boat that Scott Gold owned in order to hide assets properly due to Plaintiff after Plaintiff won an award against Defendants in a New Jersey state court. (First Am. Compl. ¶¶ 4, 6, ECF No. 28.) Plaintiff brought this action against Defendants in early 2017 in state court in Maryland and Defendants removed the case to this Court in February 2017. After Doris Gold successfully moved to dismiss (*see* Order Granting Motion of Defendant Doris Gold to Dismiss for Lack of Jurisdiction, ECF No. 21), Plaintiff amended his complaint (ECF No. 28). Doris Gold has again moved to dismiss for lack of personal jurisdiction (ECF No. 32) and now Defendant Scott Gold has also so moved (ECF No. 39). All parties have had adequate opportunity to respond and the issues are fully briefed. No hearing is necessary to resolve the matter. *See* Local Rule 105.6 (D. Md. 2016). Because Plaintiff has not presented facts or law sufficient to establish personal jurisdiction, both Defendants' motions will be granted by accompanying order.

I.   *Factual Background*

The following facts are taken from Plaintiff's First Amended Complaint.[1] Plaintiff, a resident of New Jersey, secured a judgment against Scott Gold in New Jersey state court on December 4, 2015, in the amount of $282,279.49. (First Am. Compl. ¶¶ 1, 4.) Scott Gold is a resident of New Jersey or Florida, and his mother, Doris Gold, is a resident of Florida. (*Id.* ¶¶ 2-3.) Scott Gold had purchased the "Rehoboth Star," a motor vessel, on June 6, 2014. (*Id.* ¶ 6.) This boat was "eventually" docked in, and operated from, West Ocean City, Maryland. (*Id.*) Scott Gold sold the vessel "shortly after" Plaintiff won his judgment. (*Id.*) Scott Gold "hastily arranged" this sale in order to keep the proceeds of the sale from Plaintiff, and instead the proceeds were distributed to other creditors of Scott Gold as well as to Doris Gold, Scott's mother and a co-defendant in this action. (*Id.* ¶¶ 11-12.) Plaintiff claims that these actions constitute a violation of the Maryland Fraudulent Conveyance Act (*id.* ¶¶ 12, 16-21) as well as a civil conspiracy to harm Plaintiff (*id.* ¶¶ 23-25). Defendants claim, separately, that, because they are not residents of Maryland nor do they have sufficient contact with Maryland, this Court lacks jurisdiction over them. (*See* Def. Doris Gold Mot. Dismiss Mem. Op., ECF No. 32-1; Def. Scott Gold Mot. Dismiss Mem. Op., ECF No. 39-1.)

II.   *Standard of Review*

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) is a test of the Court's personal jurisdiction over the defendant. "[W]hen, as here, the court addresses the question [of personal jurisdiction] on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a *prima facie* showing of

---

[1] "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).

a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

### III.   *Analysis*

A Federal Court looks to the law of the state in which it is located to determine whether it is proper to exercise personal jurisdiction. *See Tulkoff Food Prods., Inc. v. Martin*, Civ. No. ELH-17-350, 2017 WL 2909250 at *4 (D. Md. July 7, 2017) (citing *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)). In Maryland, two conditions must be satisfied before a court can exercise jurisdiction over a non-resident defendant: "(1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst*, 334 F.3d at 396.

The Court of Appeals of Maryland has made clear that the "purview of the long arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution." *Beyond Sys., Inc. v. Realtime Gaming Holding Co., LLC*, 878 A.2d 567, 576 (Md. 2005). Similar state court interpretations of similar long-arm statutes have led the Fourth Circuit to explain that, when it comes to determining the propriety of personal jurisdiction, "the statutory inquiry merges with the constitutional inquiry." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (discussing the Virginia long-arm statute and its interpretation by Virginia courts). In Maryland however, that does not mean that *there is no* statutory inquiry aside from the inquiry into due process. *See Mackey v. Compass Marketing, Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006). To exercise personal jurisdiction over a non-resident defendant, the defendant's conduct must fall under a provision of the Maryland long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103. *See id.* (noting that *Beyond Sys.*

"did not . . . mean . . . that it is now permissible to simply dispense with analysis under the long-arm statute."). A *court* should interpret that statute "to the limits permitted by the Due Process clause when [it] can do so consistently with the canons of statutory construction," *id.*, but that does not mean a *plaintiff* is free to ignore the fact that jurisdiction over an out-of-state defendant is only proper when that defendant's actions are covered by the Maryland long-arm statute. *See Aphena Pharma Solutions-Maryland LLC v. BioZone Labs., Inc.*, 912 F. Supp. 2d 309, 315 (D. Md. 2012). In fact, a plaintiff needs to point the Court in the direction of a "specific provision [of the Maryland long-arm statute] authorizing personal jurisdiction." *Id.*

The Plaintiff here has failed to sufficiently identify which provision of the Maryland long-arm statute covers the Defendants' alleged conduct. Complaints do not need to follow a specific pattern or format, and the Court does not require "talismanic jurisdictional formulas," *Burger King v. Rudzewicz*, 471 U.S. 462, 485 (1985), but, as a matter of good practice, at some point a complaint should address the grounds upon which jurisdiction over the subject matter of the case and the person of the defendant is proper. Plaintiff's amended complaint does not even contain the word "jurisdiction," let alone point to a specific provision of Maryland's long-arm statute that covers the Defendants' conduct at issue. Plaintiff could likely survive a motion to dismiss while failing to allege in his complaint the precise grounds upon which the Court can exercise personal jurisdiction,[2] but Plaintiff cannot survive these motions without ever identifying a specifically applicable provision of the Maryland long-arm statute, at least when it is not otherwise apparent to the Court which provision applies. *See Gibbs v. Cty. of Delaware*, Civ. No. RWT 15-1012, 2015 WL 6150939 *2 (D. Md. Oct. 15, 2015) ("[A] plaintiff is required to identify a specific provision within the Maryland long-arm statute which authorizes personal

---

[2] *See* Charles A. Wright & Arthur R. Miller, 5 Fed. Prac. & Pro. Civ. § 1206 (3d ed.) (contending that construing Rule 8(a)(1) as "requiring the complaint to state the grounds for personal jurisdiction [is] an erroneous interpretation that contravenes decades of jurisprudence.").

jurisdiction.")  For example, in *AP Links, LLC v. Global Golf, Inc.*, Civ. No. CCB-08-705, 2008 WL 4225764 (D. Md. Sept. 2, 2008), the plaintiff "did not cite a specific provision of the long-arm statute in its complaint," but it did "appear[] to rely on [various provisions of the long-arm statute]" in its opposition to the defendant's motion to dismiss, and that was sufficient for the court to proceed to its jurisdictional analysis.  2008 WL 4225764 at *3.

Here the Plaintiff has not provided the Court with such necessary guidance.  Nowhere in Plaintiff's amended complaint, his reply to Defendant Doris Gold's Motion to Dismiss, or his reply to Defendant Scott Gold's Motion to Dismiss does Plaintiff even suggest a provision, either by section number or substance, of the Maryland long-arm statute that covers either Defendants' conduct.  More importantly, it is not apparent to the Court which provision of the long-arm statute Plaintiff is relying on, if any.  Perhaps Plaintiff assumes that Scott Gold "transact[ed] . . . business" in Maryland and that justifies exercising jurisdiction over the Defendants.  Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1).  *But see Aphena Pharma Solutions*, 912 F. Supp. 2d at 315 (quoting *Music Makers Holdings, LLC v. Sarro*, Civ. No. RWT-09-1836, 2010 WL 2807805 *4 (D. Md. July 5, 2010) ("Maryland courts have construed the phrase 'transacting business' narrowly, requiring, for example, significant negotiations or intentional advertising and selling in the forum state.").  Perhaps Plaintiff assumes that Defendants "caus[ed] tortious injury in the State," Md. Code Ann., Ct. & Jud. Proc § 6-103(b)(3), but the harm seems to be directed at Plaintiff, a non-resident.  Or perhaps Plaintiff assumes jurisdiction is proper simply because Plaintiff owned property in the state.  *See* Md. Code Ann., Ct. & Jud. Proc § 6-103(5).  Regardless, it is simply not the job of this Court to guess at Plaintiff's assumptions.[3]

---

[3] The Court did not reach this issue in its earlier memorandum and order because it did not need to do so.  (*See* Mem. Op., ECF No. 20.)  The Court was then confronted with the question of whether jurisdiction over Doris Gold was proper under the theory of "conspiracy jurisdiction."  (*Id.* at 3.)  The Court found that Plaintiff failed to establish the second element necessary for conspiracy jurisdiction and therefore "it need not decide whether Plaintiff has met

It may not be proper under the due process clause of the Fourteenth Amendment to force the Defendants to litigate this action in Maryland on the grounds of a single transaction in this state, but the Court does not need to decide this close question.  It is well-settled law that personal jurisdiction in Maryland has two requirements:  compliance with the Maryland long-arm statute and compliance with the Federal Constitution.  *See Carefirst*, 334 F.3d at 396.  These are "dual considerations," *Beyond Sys.*, 878 A.2d at 575, and both must be apparent from the pleadings and arguments presented by a plaintiff or specifically addressed.  *See Cleaning Authority, Inc. v. Neubert*, 739 F. Supp. 2d 807, 812 n.7 (D. Md. 2010).  It is not apparent to the Court which provision of Maryland's long-arm statute applies here (if any), Plaintiff has failed to address the Maryland long-arm statute at all, and therefore the Defendants' motions to dismiss for lack of personal jurisdiction will be granted.

## IV.  *Conclusion*

Defendants' conduct does not clearly fall under any one or more provisions of the Maryland long-arm statute, and Plaintiff failed to specify any such provision.  Therefore, Defendant Doris Gold's Motion to Dismiss (ECF No. 32) and Defendant Scott Gold's Motion to Dismiss (ECF No. 39) will be granted by accompanying order.

DATED this 28th day of September, 2017

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

his burden under element four of the conspiracy theory of personal jurisdiction (*i.e.*, whether Plaintiff has alleged that Scott Gold's conduct met either the in-state tort or the in-state business transaction prong of Maryland's long-arm statute)."  (*Id.* at 6-7.)